**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

WINSTON BOWEN-HAY, an individual,

    Plaintiff,

v.                                                   CASE NO. 8:20-cv-170-CEH-AEP

OCWEN LOAN SERVICING, LLC,

    Defendant.

_____/

**DEFENDANT PHH MORTGAGE CORPORATION'S
UNOPPOSED MOTION TO STAY DISCOVERY**

Comes now Defendant PHH Mortgage Corporation ("PHH"), as successor by merger to named defendant Ocwen Loan Servicing, LLC ("Ocwen"), and hereby moves this Court for an order staying all discovery in this matter until June 1, 2020, in light of the COVID-19 pandemic, or in the alternative, until an order is entered on Defendant's Motion to Dismiss (Doc. 7).

**I. Introduction**

The current global pandemic of COVID-19, and the various states' related orders, have necessitated that PHH and the attorneys in this matter work remotely. Such remote work necessarily limits efficiency and access to information for discovery, and does so at a time when mortgage servicers are being asked by governments to engage in new forbearance and other initiatives to assist borrowers affected by the global economic shutdown, all as explained in more detail below. For this reason, PHH asks that discovery be stayed until June 1, 2020,

as this Court recently ordered in *Garbutt v. Ocwen Loan Servicing, LLC*, No. 8:20-cv-00136-CEH-JSS.[1] (Doc. 21.) As explained below, these factors establish good cause for the stay.

## II. Argument

PHH requests that, consistent with *Garbutt*, the Court stay discovery until June 1, 2020 to account for restrictions imposed as a result of the pandemic of COVID-19. Pursuant to Rule 26 of the Federal Rules of Civil Procedure, the Court has broad discretion to stay discovery for "good cause." Fed. R. Civ. P. 26(c). In this case, "good cause" exists for a temporary stay of discovery based on the existence and limitations of the global pandemic and the finite period of the requested stay. Further, Plaintiff does not oppose this motion.

As the Court is aware, the COVID-19 pandemic has created unprecedented restrictions on parties' and attorneys' ability to move freely and access information. The undersigned counsel of record for PHH works directly with in-house counsel for PHH to receive information from PHH concerning Ocwen that is relevant to this action. Those in-house attorneys are now working remotely which impairs their ability to access information that is necessary for discovery. Moreover, PHH has extensive operations in India, which is where the employees with responsibilities over the legacy Ocwen borrower data are located. India is currently in the midst of a national quarantine to combat the spread of COVID-19. Relatively few PHH employees in India are able to work remotely, which may have significant effects on access to relevant information. In short, access of certain information in the current environment is difficult and inefficient. At the same time, state and federal governments have

---

[1] On January 30, 2020, PHH moved to dismiss all of Plaintiff's claims with prejudice. (Doc. 7). A stay while that motion is pending would also be in the interests of judicial efficiency and would mitigate costs to the litigants.

asked mortgage servicers like PHH to engage in new forbearance and other borrower assistance initiatives in response to the economic shutdown necessitated by the need to control the spread of COVID-19, initiatives that further consume the limited time and resources of available personnel. Thus, discovery will proceed more smoothly if it is stayed until June 1, 2020, when PHH hopes these issues will be resolved.[2]

The benefits of staying discovery also clearly outweigh any potential harm. The benefits of a stay are obvious: All parties and attorneys and indeed the populations and economies of the entire world are affected by COVID-19, and proceeding with discovery at this time will likely increase fees and costs unnecessarily at a time when resources are strained to an unprecedented degree for all concerned. Indeed, it is likely that PHH would have to seek significant extensions if discovery began now and would incur costs beyond the norm for such discovery activity. Moreover, a brief delay to the opening of discovery, in light of the current pandemic, will not prejudice Plaintiff. *Cf. McCabe v. Foley*, 233 F.R.D. 683, 687 (M.D. Fla. 2006) (finding that the plaintiff would not "be prejudiced by a temporary delay in discovery while the potentially case dispositive motions are decided").

---

[2] Additionally, the Eleventh Circuit has long encouraged district courts to stay discovery pending a motion to dismiss when the movant has demonstrated that the motion is likely to be meritorious, as this conserves the parties' and court's resources. *See, e.g.*, *Roberts v. FNB South of Alma, Georgia,* 716 F. App'x 854, 857 (11th Cir. 2017); *Cotton v. Mass Mut. Life Ins. Co.*, 402 F.3d 1267, 1292–93 (11th Cir. 2005); *Chudasama v. Mazda Motor Corp.*, 123 F.3d 1353, 1367 (11th Cir. 1997). In its Motion to Dismiss, PHH has raised significant and meritorious challenges to the claims in Plaintiff's Complaint, constituting additional good cause for the Court to stay discovery.

### III.  Conclusion

For all of these reasons, PHH respectfully requests that the Court enter an order staying all discovery in this action, including the parties' initial disclosure obligations, until April 1, 2020.

### Certificate of Conference

Pursuant to Local Rule 7.1(a)(3), counsel for PHH has conferred with counsel for Plaintiff regarding this motion and hereby certifies that Plaintiff does not oppose this motion.

Dated: April 6, 2020

Respectfully submitted,

 s/*Timothy A. Andreu*
Timothy A. Andreu (Fla. Bar No. 443778)
Tandreu@bradley.com
Diana N. Evans (Fla. Bar No. 98945)
Dnevans@bradley.com
**Bradley Arant Boult Cummings LLP**
100 North Tampa Street, Suite 2200
Tampa, FL 33602
P: (813) 559-5500
F: (813) 229-5946

*Attorneys for PHH Mortgage Corporation
as successor by merger to named defendant
Ocwen Loan Servicing, LLC*

#### CERTIFICATE OF SERVICE

      I hereby certify that on April 6, 2020, I electronically filed the foregoing with CM/ECF, which will send notification to all counsel of record, as follows:

      Young Kim, Esquire
      CONSUMER LAW ATTORNEYS
      2727 Ulmerton Road, Suite 270
      Clearwater, FL  33762
      Phone: (877) 241-2200
      Fax: 727-623-4611
      service@consumerlawattorneys.com
      ykim@consumerlawattorneys.com
      *Attorneys for Plaintiff*

                              *s/Timothy A. Andreu*
                              *Attorney for PHH Mortgage Corporation as successor by merger to named defendant Ocwen Loan Servicing, LLC*