**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WINSTON BOWEN-HAY, an individual,

    Plaintiff,

v.                                                  Case No: 8:20-cv-170-T-36CEH

OCWEN LOAN SERVICING, LLC,

    Defendant.
_____/

**ORDER**

This matter comes before the Court on Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss [Doc. 7], Plaintiff's Response to Ocwen's Motion to Dismiss [Doc. 10], Defendant's Reply in Support [Doc. 13], and the supplemental authorities submitted by the parties [Docs. 14, 22, 23, 24, 25, 26]. Upon due consideration of the parties' submissions, and being otherwise duly advised, the Court will **GRANT** Defendant's Motion to Dismiss.

**I.   BACKGROUND**

The dispute in this case arises from convenience fees that Plaintiff incurred when he made mortgage payments to Defendant through Western Union. The mortgage payments were for a property that Plaintiff's mother purchased around July 26, 2006, and which was given to Plaintiff upon her passing. [Doc. 1, ¶ 22, 23]. The Complaint alleges that Plaintiff defaulted on mortgage payments and that the loan was subsequently transferred to Defendant. *Id.* at ¶¶ 24, 25.

According to the Complaint, Defendant partnered with Western Union to provide a Speedpay service for customers, which attracts a fee. *Id.* ¶ 26. This service allowed payment over the telephone and online. *Id.* Through their partnership, both Defendant and Western Union were allegedly able to make more money by charging more for the convenience fees and splitting the

1

profits. *Id.* ¶ 27. At some point, Plaintiff made payments through the Speedpay service and was charged fees. *Id.* ¶ 28. Neither Defendant nor Western Union disclosed the amount of the money that was split between them. *Id.* ¶ 29.

Plaintiff then filed suit against Defendant in the County Court of the Thirteenth Judicial Circuit in and for Hillsborough County, Florida, alleging a violation of the Florida Consumer Collection Practices Act, Chapter 559, Florida Statutes (the "FCCPA") and a violation of the Fair Debt Collection Practices Act, 15 United States Code, Section 1692, *et seq.* ("FDCPA").[1] *Id.* ¶¶ 33-40, 41-47. Defendant subsequently removed the action to this Court pursuant to 28 U.S.C. § 1331, based on the FDCPA claim and moved to dismiss shortly after. [Doc. 1 ¶ 3; Doc. 7].

In its motion, Defendant presents five independent grounds for dismissal of the complaint or either of the two claims, relating to Plaintiff's standing to challenge the fees; the timeliness of the FCCPA claim; whether the convenience fee qualifies as a "debt" under the FDCPA and the FCCPA; whether Defendant is a "debt collector" as defined by the FDCPA; and whether the FDCPA or the FCCPA prescribe convenience fees. [Doc. 7 at pp. 5-13]. Plaintiff responded in opposition, seeking to refute these arguments, contending—among other things—that the Complaint did not attach any documents and it is not proper for the Court to consider the documents attached to the motion to dismiss; the complaint is devoid of dates such that the statute of limitations defenses is not "on the face of the complaint;" the filing of the class complaint tolled

---

[1] "The FDCPA was passed 'to eliminate abusive debt collection practices,' to ensure that 'debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged,' and to promote consistent state action in protecting consumers against debt collection abuses." *Davidson v. Capital One Bank (USA), N.A.*, 797 F.3d 1309, 1312–13 (11th Cir. 2015) (citing 15 U.S.C. § 1692(e)). "Similarly, the FCCPA, Florida's consumer protection statute, was enacted as a means of regulating the activities of consumer collection agencies within the state." *LeBlanc v. Unifund CCR Partners*, 601 F.3d 1185, 1190 (11th Cir. 2010)

2

the statute of limitations for the FCCPA claim; the convenience fee was a debt incurred when making mortgage payments and was not invalidated by its optional nature; and that Defendant is a debt collector under the FDCPA. [Doc. 10 at pp. 2-20]. In response, Defendant argues that Plaintiff did not refute any of the bases for dismissal, and again reargued the points presented in the motion to dismiss. [Doc. 13 at pp. 1, 3-11].

## II. LEGAL STANDARD

An action may be subject to dismissal if the court lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "Motions to dismiss under Rule 12(b)(1) may assert either a facial or a factual attack on jurisdiction." *Lawrence v. United States*, 597 F. App'x 599, 601 (11th Cir. 2015); citing *Morrison v. Amway Corp.*, 323 F.3d 920, 924 n.5 (11th Cir. 2003) (stating same). "A facial attack on the complaint requires the court merely to look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in his complaint are taken as true for the purposes of the motion." *Stalley ex rel. U.S. v. Orlando Reg'l Healthcare Sys., Inc.*, 524 F.3d 1229, 1232–33 (11th Cir. 2008). "Factual attacks, on the other hand, challenge the existence of subject-matter jurisdiction in fact, and the district court may consider matters outside of the pleadings." *Koury v. Sec'y, Dep't of Army*, 488 F. App'x 355, 356 (11th Cir. 2012). It may consider extrinsic evidence such as deposition testimony and affidavits. *Odyssey Marine Expl., Inc. v. Unidentified Shipwrecked Vessel*, 657 F.3d 1159, 1169 (11th Cir. 2011). In resolving a factual challenge to subject matter jurisdiction, "a district court is 'free to weigh the facts' and is 'not constrained to view them in the light most favorable' to the plaintiff." *Houston v. Marod Supermarkets, Inc.*, 733 F.3d 1323, 1336 (11th Cir. 2013) (quoting *Carmichael v. Kellogg, Brown & Root Servs., Inc.*, 572 F.3d 1271, 1279 (11th Cir.2009)); *Murphy v. Sec'y, U.S. Dep't of Army*, 769 F. App'x 779, 781 (11th Cir. 2019) ("On a factual attack, no presumptive truthfulness attaches

to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."). "[T]he burden is on the plaintiff to prove that jurisdiction exists." *Stark v. United States*, 726 F. App'x 767, 768 (11th Cir. 2018) (quoting *OSI, Inc. v. United States*, 285 F.3d 947, 951 (11th Cir. 2002)), *cert. denied*, 139 S. Ct. 843, 202 L. Ed. 2d 582 (2019), *reh'g denied*, 139 S. Ct. 1287, 203 L. Ed. 2d 298 (2019).

## III. DISCUSSION

The Court turns first to the issue of Plaintiff's standing to assert the claims presented.[2] *See Nat'l Parks Conservation Ass'n v. Norton*, 324 F.3d 1229, 1242 (11th Cir. 2003) (stating that standing "must be addressed as a threshold matter regardless of whether it is raised by the parties"). Derived from Article III, standing is a limitation on subject matter jurisdiction and "requires plaintiffs to show they suffered an injury in fact traceable to the defendant's conduct and redressable by a favorable decision." *Pinson v. JPMorgan Chase Bank, Nat'l Ass'n*, 942 F.3d 1200, 1206 (11th Cir. 2019) (citing *Spokeo, Inc. v. Robins*, 578 U.S. ––––, 136 S. Ct. 1540, 1546–47, 194 L.Ed.2d 635 (2016)). To satisfy the constitutional requirements of standing, a plaintiff must show—first, that Plaintiff has suffered an "injury in fact," which requires the invasion of a concrete and particularized "legally protected interest." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992). Second, Plaintiff must show that there is a "causal connection between the injury and the conduct complained of." *Id.* And third, Plaintiff must show that it is " 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.' " *Id.* at 561. *See also Trichell v. Midland Credit Mgmt., Inc.*, 964 F.3d 990, 996 (11th Cir. 2020) (stating same).

---

[2] Defendant erroneously raises the standing issue pursuant to Rule 12(b)(6), Fed. R. Civ. P. However, standing is a matter of subject matter jurisdiction and is appropriately raised pursuant to Rule 12(b)(1), Fed. R. Civ. P.

As noted above, standing may be challenged facially or factually. *Stalley*, 524 F.3d at 1232 (11th Cir. 2008). Here, Defendant specifically argues that Plaintiff lacks standing because "[i]n 2013 and 2014 when the convenience fees were paid, Plaintiff was not liable under the promissory note and was not obligated to pay any debt at all to Ocwen." [Doc. 7 at p. 5]. The motion is supported by a declaration from Derrick Raleigh, a Senior Loan Officer, who states that before September 18, 2019, Plaintiff did not become legally responsible for the debt evidenced by the note and secured by the mortgage. [Doc. 7-1 ¶ 11]. Various items of documentary evidence, including the promissory note executed by Plaintiff's parents in 2006, the 2004 quitclaim deed, the 2019 loan modification agreement, and the Speedpay payment history, are attached to the declaration. *Id.* at pp. 7-54. Hence, Defendant has raised a factual challenge to Plaintiff's standing. *Morrison v. Amway Corp.*, 323 F.3d 920, 925 n.5 (11th Cir. 2003) ("Appellees' motion to dismiss was a factual attack because it relied on extrinsic evidence and did not assert lack of subject matter jurisdiction solely on the basis of the pleadings."). This factual challenge allows the Court to weigh the facts for itself rather than according them a presumption of truth. *Houston*, 733 F.3d at 1336.

A review of these materials reflects that the loan on the property—evidenced by a promissory note[3]—was obtained by Plaintiff's mother and her husband on July 26, 2006. [Doc. 7-1 at p. 3 ¶ 4, pp. 13-24]. The property was transferred to Plaintiff and his wife by quitclaim deed on June 24, 2014. *Id.* at p. 3 ¶ 5, pp. 26-27. However, Plaintiff did not become obligated on the promissory note at that time. *Id.* at p. 3 ¶ 5. The debt was assumed by Plaintiff and his wife on September 18, 2019, when they entered into a loan modification agreement. *Id.* at p. 5 ¶ 11, pp. 31-40. The convenience fee payments at issue were made between 2016 and 2017. *Id.* at p. 4 ¶ 9,

---

[3] "A promissory note is a contract evidencing a debt and specifying terms under which one party will pay money to another." *Reese v. Ellis, Painter, Ratterree & Adams, LLP*, 678 F.3d 1211, 1216 (11th Cir. 2012) (citing *Black's Law Dictionary* 1089 (8th ed. 2004)).

5

p. 29. When Plaintiff made the payments for which a convenience fee was charged, he did not owe a debt to Defendant. The convenience fees by definition were not incidental to any debt Plaintiff owed, as contemplated by the FDCPA. Arguing that the challenge was facial,[4] Plaintiff presented nothing to refute Defendant's evidence. [Doc. 13 at p. 3]. This is in spite of the fact that Plaintiff bears the burden of establishing that jurisdiction exists, *Stark*, 726 F. App'x at 768, and the Court is not required to view the complaint's allegations in the light most favorable to Plaintiff, *Houston*, 733 F.3d at 1336. Plaintiff has not carried his burden of showing that he suffered an injury-in-fact which gives him standing to challenge the Speedpay convenience fees.

The Eleventh Circuit Court of Appeals' decision in *Johnson v. Ocwen Loan Servicing*, 374 F. App'x 868 (11th Cir. 2010) supports this conclusion. In that case, Ocwen acquired a mortgage on an East Saint Louis residence belonging to Johnson's mother who, in 1958, divorced her husband and changed her name to Ida Mae Parks. *Id.* at 871. In 2003, and again in 2007, Parks transferred the East Saint Louis property to Johnson and Johnson's sister via a quitclaim deed. *Id.* Eventually, Johnson filed suit against Ocwen, alleging various claims, including violations of the FDCPA and the Real Estate and Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.,* on the basis that Ocwen failed to do a number of things when it acquired the mortgage, including posting payments and acknowledging the quitclaim deed and the assumption of the mortgage request by Johnson and her sister *Id.* Ocwen moved to dismiss Johnson's complaint under Fed.R.Civ.P. 12(b)(1), asserting that Johnson lacked standing to bring the lawsuit because she was not the debtor and had no legal obligation on the loan. *Id.* The district court granted Ocwen's motion with leave to file an amended complaint demonstrating standing. *Id.* at 872. The

---

[4] In its response, Plaintiff stated: "When there is a facial attack, like Defendants raise here, the Court takes the allegations in the complaint as true in deciding the motion."

6

complaint was amended to allege that Ocwen violated the FDCPA and other statutes, but the district court again dismissed it on the basis that Johnson failed to set forth facts showing that she had standing and failed to explain how Ocwen violated the cited statutes. *Id.*

The Eleventh Circuit affirmed, concluding that "Johnson's amended complaint fail[ed] to establish Article III standing, because Johnson was not a borrower or otherwise obligated on the Ocwen loan and, therefore, did not suffer an injury-in-fact." *Id.* at 873. Additionally, the court found she had not established prudential standing. *Id.* at 874. Specifically, the court explained that:

> In her complaint, Johnson asserts that Ocwen's conduct resulted in the following injuries: "fraudulent overcharges, fraudulent service, fraudulent late fees, fraudulent escrow fees, harassment, loss or destruction of borrower[']s insurance documents, placing insurance on an insured property, loss or destruction of borrower[']s tax documents, loss or destruction of borrower[']s court documents." Although Parks may have suffered these injuries, Johnson herself did not, because she was not a party to the loan. In fact, Johnson admitted in her original complaint that her name was never added to the loan, and the supporting documents that she submitted to the court confirm this.
>
> Johnson also failed to meet the prudential requirements for standing, because she failed to show that her complaint was within the "zone of interests" protected by the statutes she cited. . . . Accordingly, the district court did not err in finding that, because Johnson was not a debtor or "consumer" of the loan, she was not protected by the statutes she cited and, therefore, lacked standing. Furthermore, Johnson was not entitled to bring an action on Parks's behalf, because, although she is closely related to Parks, Johnson failed to show that she suffered an injury in fact or that Parks faced an obstacle to protecting her own interests. *See Harris,* 20 F.3d at 1122.

*Id.* at 873-874.

This Court and the Southern District of Florida have taken similar positions in several cases. *See Correa v. BAC Home Loans Servicing LP*, 853 F. Supp. 2d 1203, 1209 (M.D. Fla. 2012) ("Moreover, Plaintiff Correa fails to show how he is obligated to pay the mortgage

7

loan. Therefore, because Plaintiff Correa was not injured by the alleged actions of the Defendants, the Court finds that Plaintiff Correa has no standing to bring a claim under FDCPA.") (citation omitted); *Petitt v. U.S. Bank Nat. Ass'n*, No. 8:14-CV-961-T-33TGW, 2014 WL 4101713, at *4 (M.D. Fla. Aug. 20, 2014) (dismissing FCCPA claim on the basis that Plaintiff was not a debtor and thus lacked standing to pursue claims for violations of the FCCPA); *Coburn v. Gonzalez,* 141 F. Supp. 3d 1339, 1342 (S.D. Fla. 2015) ("Coburn makes no allegations which would support a finding that she is a 'consumer' as defined in the FDCPA. . . . Coburn owes no money to the Defendant and nothing in the Complaint or Foreclosure Action alleges or indicates otherwise. As such, the Court finds that she lacks standing to sue for damages under the FDCPA and therefore, the Motion to Dismiss should be granted."); *Adjoda v. Law Firm of Gary M. Singer, P.A.*, No. 17-80112-CIV, 2017 WL 7794342, at *2 (S.D. Fla. Aug. 18, 2017) ("Here, as in *Johnson*, Plaintiff lacks standing to sue under FDCPA. She does not allege that she was a borrower or otherwise personally obligated on the loan described in the Notice."), *report and recommendation adopted sub nom. Adjoda v. Law Office of Gary M. Singer, P.A.*, No. 9:17-CV-80112, 2017 WL 7794343 (S.D. Fla. Sept. 19, 2017). *But see Negron v. Selene Fin., LP*, No. 8:16-CV-2231-T-36MAP, 2017 WL 2721827, at *4 (M.D. Fla. June 23, 2017) (citing to *Johnson* and finding that Plaintiff did not allege standing to sue Selene because he is neither the title-holder of the Property nor the debtor and thus does not allege an ownership or possessory interest in the Property).

As in *Johnson*, Plaintiff was not on the promissory note at the time he made the payments using the Speedpay service. 374 F. App'x at 874. He was not a party to the agreement creating the debt. Thus, the convenience fee was not incidental to any debt Plaintiff owed. The Complaint does not allege that Plaintiff was otherwise obligated on the Ocwen loan at that time and he provides no evidence to suggest he was. As such, Plaintiff has not alleged an injury-in-fact. *Id.* For a plaintiff

8

to establish an injury in fact, there must be a legally protected interest. *See Pinson*, 942 F.3d at 1206–07 (citing *Spokeo, Inc.*, 136 S. Ct. at 1546–47). At the time the convenience fee payments were made, Plaintiff did not have that interest. "[A] plaintiff does not 'automatically satisf[y] the injury-in-fact requirement whenever a statute grants a person a statutory right and purports to authorize that person to sue to vindicate that right.' " *Trichell*, 964 F.3d at 997 (second alteration in original) (quoting *Spokeo, Inc.*, 136 S. Ct. at 1549). Plaintiff has not carried his burden in this case. Therefore, the Complaint will be dismissal for lack of standing pursuant to Federal Rule of Civil Procedure 12(b)(1).

Although the Court questions whether any set of facts exist by which Plaintiff can establish standing, the Court will grant Plaintiff's request and allow him one opportunity to amend the complaint.

Accordingly, it is **ORDERED** that:

1. Defendant Ocwen Loan Servicing, LLC's Motion to Dismiss [Doc. 7] is hereby granted. The Complaint is dismissed without prejudice.
2. Plaintiff is granted leave to file an amended complaint, which cures the issue of standing, on or before October 9, 2020. Failure to file an amended complaint in the time provided will result in dismissal of this case.

**DONE AND ORDERED** in Tampa, Florida on September 25, 2020.

Charlene Edwards Honeywell
United States District Judge

Copies to:
Counsel of Record and Unrepresented Parties, if any